# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### JACKSONVILLE Division

## CIVIL RIGHTS COMPLAINT FORM

VINCENT MARGIOTTI, DC#363915,

CASE NUMBER: 3:04-CV-680-J-20HTS
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

(1) SGT., JOSEPH F. ALLEN             (5) OFFICER, C.L. PHILLIP,

(2) OFFICER, N. PENNINGTON           (6) CLASSIFICATION, HASHMAN,

(3) OFFICER, E. BAXLEY                (7) LT. WILLIAMS

(4) INSPECTOR, RILEY RHODEN

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

✱ SECOND AMENDED
COMPLAINT

/ ✱ JURY TRIAL DEMANDED

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.    PLACE OF PRESENT CONFINEMENT: FLORIDA STATE PRISON - 7819 N.W.
(Indicate the name and location)

228TH STREET, RAIFORD, FLA. 32026

II.   DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ✓ ) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the
following questions]

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility.  Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion.  (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

**EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:**

General Grievance

1.  Informal Grievance (Form DC3-005)
2.  Formal Grievance (Form DC1-303)
3.  Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22.  The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.  Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)?  Yes (✓) No (  )

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

3.  Were you denied emergency status?  Yes (  ) No (✓)

   a.  If so, did you go through the informal grievance, formal grievance and appeal process?  Yes (✓) No (  )

2

     b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    <u>Informal Grievance</u> (Request for Interview)

    1.  Did you submit an informal grievance (Form DC3-005)? Yes ( ✓ ) No ( )

    2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.    <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

    1.  Did you have a disciplinary hearing concerning this matter? Yes ( ✓ ) No ( )

    2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

    3.  Did you submit a formal grievance (Form DC1-303)? Yes ( ✓ ) No ( )

    4.  If so, you must attach a copy of the grievance and response to this Complaint form.

D.    <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

    1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ✓ ) No ( )

    2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___13___ day of __SEPTEMBER_____ , 2 _004___ .

_____

Signature of Plaintiff

III.   DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes (   ) No ( ✓ )

   If your answer is YES, answer the following questions.

   A.  Is there a grievance procedure at your institution or jail?  Yes (   ) No (   )

   B.  Did you present the facts relating to your Complaint in the grievance procedure? Yes (   ) No (   )

   C.  If your answer is YES:

       1.  What steps did you take? _____
           _____

       2.  What were the results? _____
           _____

       3.  To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

   D.  If your answer is NO, explain why not: _____
       _____


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___13___ day of ___SEPTEMBER_____, 2 _00H____.

_____
Signature of Plaintiff

see page 4(A)

4

All administrative Remedies have been exuasted and are in exhibits of the original Complaint filed in the Nothern District of Florida ,Case NO: 4:04-CV-30-MMP/AK, Then transfered to the Honorable Middle District of Florida, Case NO: 3:04-CV-680-J-20HTS

As plaintiff's copies was trashed, torn up, thrown in the toilet and urinated on by officials, out of retaliation.

Also the DR. is in exhibit of original complaint.

IV.   **PREVIOUS LAWSUITS:**

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): VINCENT MARGIOTTI, DC #363915

Defendant(s): SCOTT WENK, et al.,

2.   Court (if federal court, name the district; if state court, name the county):
MIDDLE DISTRICT OF FLORIDA

3.   Docket Number: 3:04-CV-366-J-20TEM

4.   Name of judge: THOMAS E. MORRIS

5.   Briefly describe the facts and basis of the lawsuit: Leaving plaintiff to suffer with his urgent dental and oral conditions with constant pain. Without affording treatment.

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
STILL PENDING

7.   Approximate filing date: 2004

8.   Approximate disposition date: _____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been

See Page 5(A)

1. Parties to previos lawsuits:
   Plaintiff(s): VINCENT MARGIOTTI, DC#363915; Kenneth Spiegelman
   Defendant(s): Hood, et at.,

2. Court (if federal court, name the district; if state court, name the County):
   SOUTHERN DISTRICT OF FLORIDA

3. Docket Number: 02-22383-Civ MARTINEZ / KLEIN

4. Name of Judge: KLEIN

5. Briefly describe the facts and basis of the lawsuit:
   Leaving plaintiff With his jaw Wired Shut for 9 Months when orders to remove in 4 Weeks. And left plaintiff to suffer With pain, no treatment, etc., Physically and Mentaly.

6. Deposition (was the case dismissed? Was it appealed? Is it still pending?
   STILL PENDING

7. Approximate filing date: 2002

8. Approximate deposition date:

dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

NO!

V.   **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: VINCENT MARGIOTTI, DC#363915

Mailing address: FLORIDA STATE PRISON - 7819 N.W. 228TH STREET RAIFORD, FLA. 32026

B.  Additional Plaintiffs:

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.  Defendant: SGT. JOSEPH ALLEN

Mailing Address: FLORIDA STATE PRISON - 7819 N.W. 228TH STREET RAIFORD, FLA. 32026

Position: SGT.

Employed at: FLORIDA STATE PRISON

D. Defendant: N. PENNINGTON

Mailing Address: FLORIDA STATE PRISON - 7819 N.W. 228TH STREET

RAIFORD, FLA. 32026

Position: OFFICER

Employed at: FLORIDA STATE PRISON

E. Defendant: E. BAXLEY

Mailing Address: FLORIDA STATE PRISON - 7819 N.W. 228TH STREET

RAIFORD, FLA. 32026

Position: OFFICER

Employed at: FLORIDA STATE PRISON

F. Defendant: RILEY RHODEN

Mailing Address: FLORIDA STATE PRISON - 7819 N.W. 228TH STREET

RAIFORD, FLA. 32026

Position: INSPECTOR

Employed at: FLORIDA STATE PRISON

G. Defendant: C.L. PHILLIP

Mailing Address: FLORIDA STATE PRISON - 7819 N.W. 228TH STREET

RAIFORD, FLORIDA. 32026

Position: OFFICER

Employed at: FLORIDA STATE PRISON

See page 7(A)

7

H. Defendant: ___Hoshman___

Mailing Address: 7819 N.W. 228th Street
RAIFORD, FLA. 32026

Position: Classification officer

Employed at: FLORIDA STATE PRISON


I. Defendant: ___WILLIAMS___

Mailing Address: 7819 N.W. 228th STREET
RAIFORD, FLA. 32026

Position: ___LT.___

Employed at: FLORIDA STATE PRISON


PG. 7(A)

VI.   **STATEMENT OF CLAIM:**  State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

① The actions of defendant's Joseph Allen, N. Pennington, E. Baxley, C.L. Phillip in using physical force againts the plaintiff Without need or provocation, or in failing to intervene to prevent the misuse of force, Assaults, denied food, Were done maliciously and Sadistically and constitutes cruel and unusual punishment in Violation of the Eighth Amendment ( SEE PAGE 8(1) )

VII.   **STATEMENT OF FACTS:**  State as briefly as possible the FACTS of your case. Describe how each defendant was involved.  **Do not make any legal arguments or cite any cases or statutes.**  State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

( SEE PAGE 9 )

of the United States Constitution.

② The actions of defendants Joseph Allen, N. Pennington in using physical force and assaults against the plaintiff without need or provocation constuted the tort of assault and battery under the law of florida.

③ The failure of defendant Riley Rhoden to take disciplinary or other action to curb the known pattern of physical abuse of inmates and plaintiff by defendants Joseph Allen, N. Pennington, C.L. Phillip, E. Baxley Constituted deliberate indifference, and contributed to and proximately caused the above described violation of Eighth Amendment rights and assault and battery.

④ The actions of defendant's Hashman and Williams refusing to obtain witnesses and allowing plaintiff to be present at the disciplinary hearing, and providing an inadequate written disposition of the charge denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**Statement of Facts, continued:** "Preliminary Statement"

This is a civil rights action filed by Vincent Margiotti, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging assaults, excessive use of force and denial of medical care, denied food, in violation of the Eighth Amendment to the United States Constitution and confinement in segregation in violation of the Due process Clause of the Fourteenth Amendment to the Constitution. The plaintiff also alleges the torts of assault and battery and negligence.

"Jurisdiction" 1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitution rights.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

"Parties" 3. The plaintiff, Vincent Margiotti, was incarcerated at Florida State Prison during the events described in this complaint.

4. Defendants Joseph Allen, N. Pennington, E. Boxley, Riley Rhoden, C.L. Phillip are Correctional officers employed at Florida State Prison. They are sued in there individual Capacities. Also defendant's Hashman and Williams.

5. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

"Facts"

13. On July 17, 2003 at about 8:00 to 4:00 pm., defendants Joseph Allen, N. Pennington, C.L. Phillip came to the plaintiff's cell door C1205 Single., made threats to plaintiff, that they are going to physicaly hurt and assault plaintiff, deny plaintiff food, And kept banging on plaintiff cell window to bother and keep plaintiff from sleeping. Defendant's refused to feed plaintiff his lunch tray.

14. Plaintiff inquired to defendant's why they was treating plaintiff this way and why they wouldn't feed him.

15. Defendant's stated, "Were going to get you real soon, what were doing is just a fraction of what were going to do to you. Since you like litigating."

16. On July 18, 2003 at about 8:00 to 4:00 pm., Plaintiff received the same abuse by defendant's Joseph Allen, N. Pennington, C.L. Phillip.

17. On July 19, 2003 at about 8:00 to 4:00 pm., defendant's Joseph Allen, N. Pennington, refused to feed plaintiff his lunch tray with food on it.

18. On July 19, 2003 at about 1:00 to 3:00 PM., defendant N. Pennington Came to plaintiff Cell C12c5 single and advised plaintiff to Cuff up that they wanted to search plaintiff Cell.

19. Plaintiff Complied with this order. While plaintiff Came out of his cell to be escorted to the second floor shower, defendant N. Pennington was threating plaintiff to physically assault plaintiff, and defendant Kicked the back of plaintiff's bad left foot to try to trip plaintiff.

20. Once plaintiff arrived to the shower area and started to walk in the first shower cage, defendant N. Pennington pushed plaintiff into the shower wall causing plaintiff to fall to the shower floor. Then defendant N. Pennington started Kicking plaintiff three times in the plaintiff's backside.

21. Then while plaintiff was locked in the shower about 45 Minutes. Defendant Joseph Allen Came to the shower plaintiff was locked in, once defendant Joseph Allen open the shower door, plaintiff started to walk out. Before plaintiff

11

Could get out the shower door. defendant Joseph Allen pushed plaintiff backwards into the shower wall. Causing plaintiff to fall to the ground of the shower ██████ floor, at that time, defendant Joseph Allen Kicked plaintiff in his bad leg and then Kicked plaintiff two More times to plaintiff's side.

22. Then defendant's Joseph Allen, N. Pennington escorted plaintiff to cell C1205 Single. once plaintiff arrived back to his cell, plaintiff noticed his cell Vandilized. Mail, legal mail, papers, property, Trashed and torn up completely. And throw all over the cell with toothpast and dandruff shampoo sprayed and poored all over plaintiff cell, property, Matress, pilow, linen.

23. On July 22, 2003 at about 8:00 to 4:00 PM., defendant's Joseph Allen, C.L. Phillip refused to feed plaintiff his lunch tray with food on it.

24. On July 23, 2003 at about 8:00 to 4:00 PM., defendant N. Pennington placed plaintiff into the second floor shower on C-wing after

plaintiff had returned to C-wing from a Medical Callout. Then defendant N. Pennington pushed Plaintiff into the shower wall causing plaintiff to fall to the ground.

25. Once defendant Joseph Allen came to the second floor shower to come get plaintiff and return plaintiff back to his cell, defendant Joseph Allen pushed plaintiff into the steel shower cage causing plaintiff to fall to the shower ground. Then defendant Joseph Allen Starting to kick the plaintiff 4 times to plaintiff's bad leg, back side. Then defendant Joseph Allen made threats to get and seriously hurt plaintiff in the future. Defendant Joseph Allen then ordered plaintiff to get up and lets go. once plaintiff complied with defendant Joseph Allen order, defendant Joseph Allen Slapped Plaintiff very hard in the back of plaintiff's head.

26. Defendant's Joseph Allen, N. Pennington, C.L. Phillip refused to feed plaintiff his lunch tray again.

13

27. On July 24-28, 2003 at around 8:00 to 4:00 pm., Plaintiff still was abused and denied food from defendants Joseph Allen, N. Pennington, C.L. Phillip. on C-Wing.

28. On July 29, 2003 at around 8:00 to 4:00 pm., defendants Joseph Allen, N. Pennington, C.L. Phillip was still threating plaintiff and stated to plaintiff, "Today is your day ***** etc."

"Misuse" Of Force
=

29. Once plaintiff was completed with his mental health callout, defendant's Joseph Allen, E. Baxley was escorting plaintiff back to his cell C1205 single from the mental health doctors offices on C-wing second floor. Once plaintiff walked into his cell, defendant Joseph Allen walked into plaintiff's cell behind plaintiff, carring plaintiff lunch tray that was on plaintiff cell door flap. Then defendant Joseph Allen started cursing and threating plaintiff, then defendant Joseph Allen dumped plaintiffs lunch into plaintiffs cell toilet. Once defendant Joseph Allen got done dumping plaintiffs lunch tray,

14

Defendant Joseph Allen had taken off plaintiff's Weist belt to the restraints that Was on plaintiff. Still leaving plaintiff hands hand cuffed. Defendant Joseph Allen then again started cursing and threating plaintiff, And defendant Joseph Allen started punching plaintiff with his closed fist With full power to plaintiff's face, head, Side, ribbs, back; causing plaintiff to fall to the ground in plaintiff's Cell. Then defendant Joseph Allen started Kicking plaintiff in the face, head, Side, ribbs, back, leg, then defendant started punching and kicking plaintiff all over With full force for about 5 to 10 Minutes in plaintiff Cell. Causing plaintiff seriouse injury's.

30. Defendant E. Baxley didn't at any time stop defendant Joseph Allen from assaulting plaintiff. defendant E. Baxley just stood at plaintiff outside of Cell door C1205 single. the whole time, then defendant E. Baxley had closed plaintiff Cell door tords him

So the inmates on the wing couldn't see
any more of the assaults.

31. And at that time is when defendant
Joseph Allen got on his radio to call
officials and allege that he had to
use force on plaintiff.

32. Defendant Joseph Allen also wrote a
Disciplinary report on plaintiff, alleging
plaintiff had tryed to head butt, defendant
Joseph Allen and then alleging plaintiff
hit defendant Joseph Allen with his hands
and then kicking defendant Joseph Allen.

33. During these events the plaintiff did not
resist or threaten the officers in any fashion
or break any prison rules.

34. Defendant's Joseph Allen, N. Pennington,
E. Boxley, C.L. Phillip, have repeatedly engaged
in excessive force against inmates in the past.

35. Defendant Riley Rhoden has been placed on
notice of the abusive conduct of defendant's
Joseph Allen, N. Pennington, C.L. Phillip, E. Boxley
by a number of complaints and greivances
over many months, but has failed to take

disciplinary action against them or other-
wise to control their behavior.

36. After the above described assault the plaintiff
was taken to the prison infirmary, where he
was denied any and all medical care and
treatments.

37. Plaintiff suffered the following injuries
from the assaults: Bruises, Swelling, unterrible
pain, difficulty of breathing, urinated blood,
ringing noise in right ear, blure vision,
fractured jaw, fractured 9th ribb, Several
fractures to nose, Tingley and numness to
back and right leg, dizzyness, Blood dranage
to nose, Notts and gashes to head and
forehead, couldnt open or close mouth or
eat anything:

38. Plaintiff was rushed out to Reception
Medical Center On August 1st, 2003 by
Phycisian Victor Selyutin.

39. Reception Medical Center rushed plaintiff
to Memorial Medical Center Jacksonville
hospital on August 1st, 2003.

40. Memorial Medical Center Jacksonville

17

hospital Confirmed all injuries listed in Paragphs 37 in this Complaint.

*"Denial of Due Process"*

41. On September 24, 2003, the plaintiff was served with disciplinary charges for unarmed assault, based on the above described events.

42. Plaintiff requested witnesses of staffs and officials, and several inmates that was housed in the cells across from Plaintiff Cell. That witness the assaults Plaintiff received by defendant Joseph Allen. And plaintiff wrote out a witness Statement. And plaintiff provided the inmate witness locations, do to plaintiff didnt know the inmates names.

43. On October 10th, 2003 the plaintiff received a disciplinary hearing before Classification Officer Mr. Hashman and LT. Williams. *Defendant* ... *defendant*

44. Plaintiff was denied to appear to the disciplinary hearing. And officials falsified documents, by stating plaintiff refused when he realy didnt.

18

45. The disciplinary hearing Mailed the plaintiff, disciplinary report work sheet signed by Mr. Hashman and LT. Williams Stating, "Guilty as charged based on Staff Statements," and Sentence the plaintiff to 60 days in punitive Segregation. And causing plaintiff to remain on close Management Segregation for More years.

46. The Staff Statements provided to the plaintiff alleged that the plaintiff attempted to headbutt then hit and kick defendant Joseph Allen.

47. But none of the inmates or other staff plaintiff called for witnessess, wasnt obtained or considered.

48. Pursuant to prison procedures, the plaintiff filed an administrative appeal with the institution and central office, pointing out all the grounds and violations

49. All of plaintiff's appeals was denied.

50. Cameras on C-Wing date of the assaults, and the Camera for the use of force with all witnessess will substantiate Complaint.

51. In addition, plaintiff Seen defendant Riley Rhoden at Reception Medical center on or around August 19, 2003.

52. Dearing the interveiw between defendant Riley Rhoden and plaintiff, defendant Riley Rhoden was rude, Vague, disrespectfull, threating, unproffessional tords plaintiff. Scaring and Coursing plaintiff. And defendant Riley Rhoden Stated, "That plaintiff deserved the assaults he received and that he wasnt going to do anything about it." And Several other Comments that plaintiff dont remember, but is noted in original Complaint.

("*NOTE")

IM a clerk in law Library that did and assisted in this Complaint. Do to plaintiff cant do it, As plaintiff is Mentaly Challenged, uneducated, cant hardly read or write. And plaintiff is in Segregation, So we cant realy help or do Much. And were underschooled in federal proceedings. So I hope this complys with Courts order.

53. On Febuary 19, 2004 at about 12:00 to 2:00 PM., Plaintiff was housed in cell J1303 single. Plaintiff was being handcuffed and being released out of his cell to go to yard outside.

54. Once plaintiff got outside were the cages are located, plaintiff was placed in the first row third cage from the back.

55. Defendant Joseph Allen was outside by himself taking the handcuffs off inmates. Once defendant came to plaintiffs cage, defendant Joseph Allen starting to make threats and comments tords plaintiff. Defendant stated, "owe pu*** boy, I received noticed that im cleared from beating your a** that day. I told you im smart and know how to get away with sh**. Now since you love to write, im going to love to write, I will beat your a** real badly this time and make sure you get outside charges this time, if you make it."

21

56. At that time defendant Joseph Allen punched plaintiff with closed fist to Plaintiff's jaw once and then punched two More times to ribbs. Cousing plaintiff to fall to the ground and lose breath.

57. Plaintiff was still handcuffed in his cage the whole time.

58. Then defendant Joseph Allen left plaintiff cage and went to lock and unhandcuff the inmates in the first two row of cages. Which is twelve cages.

59. Then defendant Joseph Allen Came back to plaintiff's cage and Stated, "Come here". plaintiff followed his orders. Then defendant Joseph Allen opened plaintiff cage and Made More threats to plaintiff by Stating, "Im going to seriousley beat your a**, and also My officers are going to do the same thing p**** boy. And im going to give you good

reasons to file lawsuits and greivances."

60. Then defendant Joseph Allen slapped Plaintiff in plaintiff's face then kicked Plaintiff into the steel dip bars. Causing Plaintiff to lose breath and fall to the ground for awhile.

61. Then defendant Joseph Allen stated, "Write this up, and I will realy f*** you up badly and have my officers and buddies who work the wings f*** you up and make your life hell pus** boy."

62. Plaintiff has several witnessess to these assaults by defendant Joseph Allen.

VIII.   **RELIEF REQUESTED:**   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

("Issue an injunction")

① Charges of a criminal offense of assault and battery, on defendant's Joseph Alken, N. Pennington, C.L. Phillip, E. Baxley, Riley Rhoden,

② Expunge the Disciplinary conviction described in this Complaint from the plaintiff's institutional record.

③ Release the plaintiff from Segregation and place him in general population, with restoration of all rights and Privileges.

( See page 22 ) Continue

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this __13__ day of __SEPTEMBER__ , 2 __004__ .

VINCENT MARGIOTTI , DC # 363915 - K1109

FLORIDA STATE PRISON
7819 N.W. 228TH STREET
RAIFORD, FLA. 32026
(Signatures of all Plaintiffs)

④ Award compensatory damages in the following amounts:

1. 100,000 jointly and severally against defendant's Joseph Allen, N. Pennington, C.L. Phillip, E. Baxley, Riley Rhoden for the physical and emotional injuries sustained as a result of the Plaintiff's beating.

2. 50,000 jointly and severally against defendant's Hashman and Williams for the punishment and emotional injury resulting from there denial of due process in connection with the plaintiff's disciplinary proceedings.

⑤ Award punitive damages in the following amounts:

1. 100,000 each against defendant's Joseph Allen, N. Pennington, C.L. Phillip, E. Baxley, Riley Rhoden;

2. 50,000 each against defendant's Hashman and Williams;

⑥ Grant such other relief as it may appear that plaintiff is entitled.

⑦ Total amount sued: One million and two hundred thousand, "Dollars"

Date: 9-13-04

Respectfully Submitted,

Vincent Marciotti
DC#363915- K1109
Florida State Prison
7819 N.W. 228th Street
Raiford, Fla. 32026